Opinion filed November 13, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed November 13,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00173-CR 

                                                    __________

 

                                 TONY CURTIS HOWELL, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR32087

 



 

                                             M
E M O R A N D U M   O P I N I O N

 The
jury convicted Tony Curtis Howell of failure to comply with the registration
requirements for a sex offender, and the trial court sentenced him to fifteen years
confinement.  We affirm.

                                                              I.
Background Facts








 Howell
was required to register as a sex offender with the Midland Police Department
because of a prior conviction for indecency with a child.  Howell=s registration requirements
included advising the MPD within seven days of any change in his job status,
such as beginning or leaving employment.  Midland Police Officer Jason Wilson
was responsible for verifying Howell=s
registration information.  Officer Wilson contacted Howell in November 2005. 
At that time, the department=s
records indicated that Howell was unemployed.  When Officer Wilson contacted
Howell, he learned that Howell had recently quit a job at Raindance Car Wash. 
The department had no record of Howell working there.  Officer Wilson reminded
him then and again four days later of his obligation to keep all registration
information, including employment, current.

Officer
Wilson verified Howell=s
registration information again in May 2006.  He first called Howell=s listed employer, Kleen
Kar Wash, and was told that Howell had not worked in two months.  He then went
to Howell=s home. 
Howell claimed that he was still employed at Kleen Kar but that he was
currently on leave.  Officer Wilson called Kleen Kar again to ask about Howell
being on leave.  They advised him that Howell was not employed there, and the
manager provided a written statement verifying that Howell had not worked at
Kleen Kar since March 10, 2006.  Officer Wilson then arrested Howell for
failing to comply with his registration requirements.

                                                                       II.
Issues

Howell
challenges his conviction with one issue, contending that the evidence is
legally or, alternatively, factually insufficient.

                                                                   III.
Discussion

  
A.  Standard of Review.  








To
determine if the evidence is legally sufficient, we review all of the evidence
in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319  (1979); Jackson
v. State, 17 S.W.3d 664, 667 (Tex. Crim. App. 2000).  The factfinder is the
sole judge of the credibility of the witnesses and the weight to be given their
testimony.  Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim. App.
1992).  The factfinder may choose to believe or disbelieve all or any part of
any witness=s
testimony.  Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). 
To determine if the evidence is factually sufficient, the appellate court
reviews all of the evidence in a neutral light.  Watson v. State, 204
S.W.3d 404, 414 (Tex. Crim. App. 2006).  Then, the reviewing court determines
whether the evidence supporting the verdict is so weak that the verdict is
clearly wrong and manifestly unjust or whether the verdict is against the great
weight and preponderance of the conflicting evidence.  Id. at 414-15.

B. 
Analysis.

Howell
argues that the evidence is legally or factually insufficient because he
believed he was still employed and, therefore, he had no obligation to report a
change in job status.  It was undisputed that Howell physically worked at Kleen
Kar from December 5, 2005, through March 10, 2006.  It was also undisputed
that, after March 10, Howell regularly called the car wash to see about
returning to work.  The dispute is whether Howell had a duty to report a change
in job status after March 10.

Janell
Neidecken, Kleen Kar=s
manager during this period of time, testified that Howell simply did not show
up for work for two weeks.  She assumed he had quit and documented his file
accordingly.  When Howell called two weeks later, he told Neidecken that he had
been out of town.  Neidecken told him that he had been replaced on the schedule
but that he could call back.  Neidecken testified that no reasonable person
would have thought they were still employed and that there was no reason why
Howell would be confused about his work status.

Howell=s indictment alleged that
he intentionally, knowingly, and recklessly failed to report his change of
employment.  If proven, this is a violation of Tex. Code Crim. Proc. Ann. art. 62.102(a) (Vernon
2006).  For purposes of this statute:

A person acts
recklessly, or is reckless, with respect to circumstances surrounding his
conduct or the result of his conduct when he is aware of but consciously
disregards a substantial and unjustifiable risk that the circumstances exist or
the result will occur.  The risk must be of such a nature and degree that its
disregard constitutes a gross deviation from the standard of care that an
ordinary person would exercise under all the circumstances as viewed from the actor=s standpoint.

 

 Tex. Penal Code Ann. ' 6.03(c) (Vernon  2003).








A
rational factfinder could find beyond a reasonable doubt that Howell recklessly
failed to report his change in job status.  A rational juror could easily
determine that Howell quit his employment when he left the car wash and did not
return or contact his employer for two weeks.  Even if there was some initial
confusion, a rational juror could conclude that Howell knew he was unemployed
well before May.  Howell was notified in writing of his reporting requirements,
and Officer Wilson reminded him of his obligation to keep  employment
information current just months previously.  The evidence is, thus, legally
sufficient to support his conviction.

The
evidence is also factually sufficient.  Howell had worked on and off at the car
wash for years.  Prior to leaving in March, he complained about not getting
enough help from his coworkers.  Officer Wilson confirmed that Howell told him
the same thing and that Howell said he intended to return to work when they got
him some help.  Neidecken testified that she never told him that he would not
be rehired and that Howell might have assumed he could come back to work
again.  She also confirmed that he continued calling her for at least a month.

When
the evidence is viewed in a neutral light, there is some evidence that Howell
was at least initially unclear about his employment status.  However, by the
time Officer Wilson contacted him in May, he had not worked at the car wash for
two months and had been repeatedly advised by his former manager that he had
been replaced and that they had no work for him.  The jury=s decision that, under
these circumstances, Howell at least recklessly failed to report his change in
job status is not clearly wrong and manifestly unjust.  Howell=s issue is overruled.

                                                         IV.
Holding

The
judgment of the trial court is affirmed.

 

 

RICK STRANGE

JUSTICE

 

November 13,
2008

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.